**In re SGL CARBON CORPORATION, Debtor.**

**No. 98–2779–JJF.**

United States District Court, D. Delaware.

March 2, 2000.

**616**

James L. Patton, Brendan, Linehan, Shannon, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware, of counsel George J. Wade, Shearman & Sterling, New York City, for debtor.

Teresa K.D. Currier, Duane, Morris & Heckscher LLP, Wilmington, Delaware, of counsel Kenneth H. Eckstein and Philip Bentley, Kramer, Levin, Naftalis & Frankel LLP, New York City, for Official Committee of Unsecured Creditors.

James J. Rodgers, Dilworth Paxson LLP, Philadelphia, Pennsylvania, Michael D. Ridberg, Ridberg, Press & Sherbill, Bethesda, Maryland, for Nucor Corporation and Nucor–Yamato Steel Company.

Christopher S. Sontchi, Ashby & Geddes, Wilmington, Delaware, of counsel Gregory S.C. Huffman, Thompson & Knight, L.L.P., Dallas, Texas, for Chaparral Steel Corporation.

Honorable Patricia A. Staiano, John D. McLaughlin, Jr., Philadelphia, Pennsylvania, Jeffrey C. Wisler, Connolly, Bove, Lodge & Hutz, Wilmington, Delaware, for Connecticut General Life Insurance Company.

**1.** By an Order dated January 28, 2000, the Court of Appeals granted certain "letter motions" and amended the caption of the Opinion filed on December 29, 1999. In the recital section of its January 28, 2000 Order the

## MEMORANDUM OPINION

FARNAN, Chief Judge.

The Court of Appeals for the Third Circuit filed an Opinion and Judgment Order on December 29, 1999, which stated "we will reverse the judgment of the District Court and remand to the District Court so that it may dismiss SGL Carbon's Chapter 11 petition." [1] On February 1, 2000, the Clerk of the District Court received and filed a letter dated January 28, 2000 from the Court of Appeals which stated:

> Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

The Judgment which is attached to the January 28 letter is dated December 29, 1999 and states:

> These causes came on to be heard on the record from the United States District Court for the District of Delaware and were argued by counsel on July 29, 1999.

> On consideration whereof, it is now here ordered and adjudged by this Court that the judgment of the said District Court dated April 23, 1999 and entered April 26, 1999, be, and the same is hereby reversed *and the cause is remanded* to the District Court so that it may dismiss SGL Carbon's Chapter 11 petition. Costs taxed against appellee. *All of the above in accordance with the opinion of this Court.* (emphasis added).

At the bottom of the page the Judgment further states:

> Certified as a true copy and issued in lieu of a formal mandate on January 28, 2000.

Court of Appeals stated "The Opinion and Judgment Order in this appeal was filed on *12/29/99* and the mandate issued is set to issue on *1/20/00.*"

## DISCUSSION

Prior to receiving the January 28 letter from the Court of Appeals, the Court had scheduled a hearing in this Chapter 11 proceeding for January 14, 2000, to consider several pending matters. In light of the Court of Appeals decision, the Debtor and other parties suggested to Court staff that the Court retain the January 14 hearing date for presentation of a proposed order dismissing the Chapter 11 case.

Prior to the hearing, the Debtor gave notice to interested parties that a conference would be held by the Court on January 14, 2000 regarding the "mechanics of dismissal" of the SGL Carbon bankruptcy case. (See January 17, 2000 letter from Gregory S.C. Huffman, Counsel for Chaparral Steel Corporation).

At the time scheduled for the January 14 hearing, the Court was in trial in another case. The Court had intended to briefly hear those interested in the dismissal order and return to trial. At the scheduled time, the Court was advised that several interested parties had appeared to be heard on the Debtor's proposed dismissal order and that the intended presentations would not be brief. The Court did not have the time to hear those in attendance, so counsel for the Debtor and the Official Committee of Unsecured Creditors were informed by the Court that a hearing would not be held and any party interested in the form of the dismissal order could submit a letter setting forth its position on the Debtor's proposed dismissal order.

The Court has since received letters from the Debtor and two interested parties. The dispute concerning the form of a dismissal order is most aptly set forth in the letters received from the Debtor and Chaparral Steel Corporation. The Debtor requests that the order of dismissal address certain matters it believes will permit an orderly dismissal. Chaparral, on the other hand, seeks an order "which dismisses SGL's bankruptcy case and nothing more." At page 2 of its January 17, 2000 letter Chaparral states:

Thus, SGL's bankruptcy case never was properly filed and falls *ab initio* outside the jurisdiction of this Court. The decision of the Third Circuit flatly was to dismiss SGL's bankruptcy case, without qualification or embellishment. No provision was made for the Court to "enter such orders as may be consistent" with the Court of Appeals ruling.

The Court has considered the views of the Debtor and interested parties and concluded that the order dismissing SGL Carbon's Chapter 11 Petition may address related matters if determined necessary for purposes such as fairness, judicial economy, and convenience to interested parties. This view takes into account that more than a filing of the Petition has occurred in the one year this matter was pending in the district court. For example, professionals approved and ordered by the Court at the commencement of the case to represent the creditors' committee should be guaranteed they will be reasonably compensated. Lenders who provided monies pursuant to court orders should be repaid as agreed. With these considerations in mind, the Court will enter an order that dismisses the instant Petition and addresses some related matters.

## ORDER DISMISSING DEBTOR'S CHAPTER 11 PETITION PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE

WHEREAS, SGL Carbon Corporation ("the Debtor") filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code;

WHEREAS, on December 29, 1999, the United States Court of Appeals for the Third Circuit issued a decision reversing an April 23, 1999 Order of the Court denying motions to dismiss the petition filed in this case;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. *Dismissal.* The Petition is dismissed pursuant to section 1112(b) of the Bankruptcy Code as of March 15, 2000 (the "Dismissal Date").

2. *Authorization to Pay Obligations Under Post-petition Credit Facility in Full.* Upon the Dismissal Date of this Order the Lenders' Commitments to make Revolving Loans or to issue Letters of Credit under the DIP Facility and the Permanent Order shall be terminated. The Debtor shall be, and hereby is, authorized and directed on the Dismissal Date to pay in full to the Agent all Loans, interest thereon and all other amounts and Obligations, if any, including any unpaid Commitment Fee under Section 2.3 of the DIP Facility through the Dismissal Date, owing under the DIP Facility. Further, the Debtor shall, upon the occurrence of the Dismissal Date, pay to the Agent in immediately available funds, for deposit in the Cash Collateral Account (which account shall bear interest at a market rate), an amount equal to 105% of the Letter of Credit Obligations outstanding as of the Dismissal Date. Upon the termination or replacement of any outstanding Letter of Credit issued under the DIP Facility, the Agent shall release from the Cash Collateral Account an amount equal to 105% of the face value of such Letter of Credit plus interest thereon. For purposes of this paragraph only, capitalized terms not defined herein shall have the same meaning as defined in the DIP Facility.

3. *Authorization to Pay Obligations Under Hitco Facility in Full: Release of Guaranty.* Upon the occurrence of the Dismissal Date, the Lenders' Commitments to make Revolving Loans or to issue Letters of Credit under the Hitco Facility shall be terminated. Hitco shall be, and hereby is, authorized and directed on the Dismissal Date to pay in full to the Agent all Loans, interest thereon and all other amounts and Obligations, if any, including any unpaid Commitment Fee under Section 2.3 of the Hitco Facility through the Dismissal Date, owing under the Hitco Facility. Further, the Debtor shall, upon the occurrence of the Dismissal Date, pay to the Agent in immediately available funds, for deposit in the Cash Collateral Account (which account shall bear interest at a market rate), an amount equal to 105% of the Letter of Credit Obligations, if any, outstanding as of the Dismissal Date. Upon the termination or replacement of any outstanding Letter of Credit issued under the Hitco Facility, the Agent shall release from the Cash Collateral Account an amount equal to 105% of the face value of such Letter of Credit plus interest thereon. In connection with the foregoing, on the Dismissal Date, all obligations of the Debtor under the Guaranty shall be released and the Guaranty shall be terminated. For purposes of this paragraph only, capitalized terms not defined herein shall have the same meaning as defined in the Hitco Facility.

4. *Professional Compensation and Reimbursement Claims.* All entities seeking compensation for services rendered or reimbursement of expenses incurred through and including the Dismissal Date (including claims for reimbursement of expenses by members of the Creditors' Committee) shall submit their statements for such compensation and expenses directly to SGL CARBON Corporation following the Dismissal Date ("SGL CC") and SGL CC shall pay such amounts in full within twenty (20) days of submission or upon such other terms as may be mutually agreed upon between such entity and SGL CC. This Court will hear any dispute with regard to such fees or expenses, if presented prior to April 11, 2000.

5. *Payment of Fees.* All fees payable by the Debtor pursuant to 28 U.S.C. § 1930 shall be paid by SGL CC not later than twenty (20) days from the Dismissal Date.

6. *Discharge of Claims Agent.* Bankruptcy Services, LLC, which has served as claims agent as provided in a previous order of this Court, shall be and hereby is discharged as claims agent.

7. *Rights and Obligations Pursuant to Other Orders, Agreements, Stipulations.* Neither this Dismissal Order nor the dismissal of the Debtor's Petition pursuant hereto shall in any way affect any rights or obligations of SGL CC subsequent to the Dismissal Date pursuant to any order, agreement or stipulation of the Debtor approved by this Court or entered into during the pendency of the Chapter 11 Case and listed on the schedule attached hereto as "Exhibit A."

8. *Notice of Entry of Dismissal Order.* On or before the tenth (10th) day following the Dismissal Date, the Debtor shall serve notice of entry of this Dismissal Order pursuant to Rules 2002(f)(2) and 2002(k) of the Bankruptcy Rules on all creditors, equity security holders, Citicorp USA, Inc., as Agent under the DIP Facility, the Creditors' Committee, the United States Trustee and other parties in interest, by causing a notice of entry of the Dismissal Order to be delivered to such parties by first class mail, postage prepaid.

### EXHIBIT A

*Orders, Agreements and Stipulations*

Stipulation and Order Between Debtor and Ford Motor Credit Company Regarding Commercial Lease Agreement

Stipulation and Order Assuming Contract (Keller Technology Corporation)

Stipulated Order Regarding Letter of Credit (Reliance National Indemnity Company, First Union National Bank, Citicorp USA, Inc., as Agent under DIP Facility)

Stipulation and Order Between Debtor and Reliance National Regarding Renewal of Insurance Coverage

Stipulated Order Approving Rejection of Lease of 1998 Ford Explorer

Stipulation and Order Between Debtor and Toshiba Ceramics, Inc. Regarding Setoff of Prepetition Claims